UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ky Van Bui, | Case No. 22-cv-1463 (WMW/DTS) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Khang Van Dinh, | |
| Defendant. | |

---

Before the Court are Plaintiff Ky Van Bui's complaint and application to proceed *in forma pauperis* (IFP). (Dkts. 1, 2.)

A district court may dismiss any action or part of an action filed by a litigant seeking IFP status that is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (observing that district courts have inherent authority to dismiss frivolous or malicious actions even absent statutory authorization). And a district court must dismiss an action if it lacks subject-matter jurisdiction to adjudicate the claims raised in that action. Fed. R. Civ. P. 12(h)(3).

Bui alleges that he fled Vietnam in a refugee boat in 1980 with his uncle, Defendant Khang Van Dinh. The refugee boat was rescued by an American oil tanker. While onboard the oil tanker, Dinh completed an immigration application on Bui's behalf. On that application, Dinh stated that Bui was born in 1964. According to Bui, however, he was born in 1960, not 1964. Bui alleges that the resulting discrepancy between his

American passport and his Vietnamese residence certificate has caused him approximately $2,000 in financial loss incurred while attempting to correct the mistake. Based on those allegations, Bui brings this action against Dinh under "[t]he first, seventh & nineth [sic] amendments of [the] Bill of Rights."

Based on Bui's invocation of these constitutional provisions, it appears that he is attempting to seek relief from Dinh pursuant to 42 U.S.C. § 1983. It is well-established that "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "The rights enumerated in the Bill of Rights do not limit the actions of private persons or companies, and a suit against private parties for constitutional violations will not succeed." *Ernst v. GEICO Gen. Ins. Co.*, No. 13-570 ADM/AJB, 2013 WL 3465283, at *2 (D. Minn. July 10, 2013). Because there is no arguable basis in law on which Bui may seek relief against Dinh, a private party, for alleged violations of constitutional rights, any claim brought by Bui against Dinh under Section 1983 is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a claim is frivolous when "it lacks an arguable basis either in law or in fact"). And the Court has the inherent authority to dismiss frivolous claims *sua sponte*. *See Mallard*, 490 U.S. at 307–08.

Bui does not invoke any other federal-law provision beyond the First, Seventh, and Ninth Amendments to the United States Constitution, and no other claims are apparent from the face of the complaint. Moreover, to the extent that Bui might be attempting to raise claims against Dinh under state law, Bui has not pleaded a basis for the Court's original jurisdiction over such a claim. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C.

2

§ 1332(a) (requiring more than $75,000 to be in dispute between the parties for a federal district court to have original jurisdiction over state-law claims). Accordingly, to the extent that the Court has jurisdiction over any state-law claims implied by the complaint, it is only through the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367. However, district courts should not exercise supplemental jurisdiction over state-law claims when all claims arising under federal law have been dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

The Court, therefore, declines to exercise supplemental jurisdiction over any state-law claims implied by Bui's complaint and dismisses without prejudice any such claims. The Court dismisses without prejudice Bui's claims under Section 1983, as it is not yet apparent that further amendment of the pleading would be futile. And because Bui's complaint is dismissed, Bui's application to proceed IFP is denied as moot.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Ky Van Bui's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Ky Van Bui's application to proceed *in forma pauperis*, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 10, 2022                                s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge